# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO STRONG, | ) | |
| Movant, | ) ) | |
| v. | ) ) | 4:23-CV-1245 HEA |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. Based on that review, and for the reasons discussed below, the Court will deny and dismiss the motion because it is successive, and because movant has not sought authorization from the United States Court of Appeals for the Eighth Circuit for the Court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

.

## Background

On March 9, 2017, movant pled guilty to possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime and felon in possession of a firearm. *See United States v. Strong*, Case No. 4:16-CR-00110 HEA (E.D. Mo.). On July 25, 2017, the Court sentenced movant to 137 months of imprisonment, followed by three years of supervised release. *Id.* Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, but his appeal was dismissed on October 19, 2018. *See United States v. Strong*, No. 17-2745 (8th Cir. 2018).

**Movant's First Motion to Vacate**

Movant filed his first 28 U.S.C. § 2255 motion on January 28, 2015. *See Strong v. United States*, No. 4:19-CV-00141 HEA (E.D.Mo.). In the motion, he raised three grounds for relief, alleging: (1) ineffective assistance of counsel because his counsel did not ask for a psychological examination; (2) ineffective assistance of counsel for counsel's failure to seek application of *Dean v. United States*, 137 S.Ct. 1170 (2017); and (3) "further support for application of *Dean* provisions." On December 1, 2020, the Court denied the motion on the merits, and movant appealed the Court's ruling to the Eighth Circuit Court of Appeals. *See Strong v. United States*, No. 21-1148 (8th Cir. 2021). The Court of Appeals denied petitioner's application for certificate of appealability on March 11, 2021. *Id.*

**The Instant Motion to Vacate**

On September 18, 2023, movant placed a typewritten motion to vacate brought pursuant to 28 U.S.C. § 2255 in the prison mailing system at the Federal Correctional Institution in Forrest City, Arkansas. Although the motion to vacate is not on a court-provided form, the Court will construe it as properly brought under § 2255.

Movant asserts that he is entitled to set aside his conviction because "[a]t the time of the Constitution's penning, that era of legislatures did not strip felons of the right to bear arms simply because of their status of felons." He argues that his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g) is unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022).[1]

---

[1] In *Bruen,* the Supreme Court held unconstitutional a State of New York's penal code provision making it a crime to possess a firearm outside the home without a license, when licensing required applicants to satisfy a "proper cause" for possessing a firearm by "demonstrat[ing] a special need for self-protection

2

**Discussion**

Movant is a self-represented litigant who has a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is required to undertake a preliminary review of the motion before directing the United States to respond. Having reviewed the motion, and for the reasons discussed below, movant's § 2255 motion must be denied and dismissed as successive.

**A. Successiveness**

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first "receive certification from the court of appeals to file a second or successive 2255 motion." *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

---

distinguishable from that of the general community." 142 S. Ct. at 2123. The Supreme Court determined that all lower courts had erred in applying means-end scrutiny of statutes regulating firearms, finding that statutes regulating conduct protected by the Second Amendment are presumptively unconstitutional unless the government can show that "it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. Because the State of New York only issued public-carry licenses when an applicant demonstrated a special need for self-defense, the *Bruen* Court found "the State's licensing regime violates the Constitution." *Id.* at 2122.

3

An inmate cannot evade this rule "by simply filing a successive [28 U.S.C.] § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the Court of Appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255. *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015). The Court further notes that an inmate cannot avoid the authorization requirement by simply recharacterizing his action. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

In this case, movant has submitted a second motion to vacate in which he requests immediate release. This motion, however, is successive. More specifically, movant filed his first § 2255 motion on January 28, 2015. *See Strong v. United States*, No. 4:19-CV-00141 HEA (E.D.Mo.). It was denied on the merits on December 1, 2020. The Court of Appeals denied petitioner's application for certificate of appealability on March 11, 2021. *See Strong v. United States*, No. 21-1148 (8th Cir. 2021).

Before movant can bring a second or successive 28 U.S.C. § 2255 motion in this Court, he must receive authorization from the Court of Appeals. Movant has not sought or received such authorization. Absent prior authorization, the Court lacks jurisdiction to entertain a successive 28 U.S.C. § 2255 motion and must either dismiss it or transfer it to the Court of Appeals. *See United States v. Hines*, 513 Fed. Appx. 633, 633 (8th Cir. 2013). *See also United States v. Carranza*, 467 Fed. Appx. 543, 543 (8th Cir. 2012) (affirming district court denial of successive 28 U.S.C. § 2255 because district court lacked jurisdiction over the unauthorized motion).

**B. *Bruen* Argument**

Nonetheless, movant argues that his time for filing should not start until the date the Supreme Court case of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) was decided, or on June 23, 2022.[2] He asserts that pursuant to *Bruen*, at least one Circuit has found § 922(g) unconstitutional as applied to certain predicate felony convictions, and this Court should follow its lead. *See, e.g., Range v. Att'y Gen.,* 69 F.4th 96 (3d. Cir. 2023) (finding § 922(g)(1) unconstitutional as applied to a defendant previously convicted of making a false statement on his food stamp application)[3]; *but see Atkinson v. Garland*, 70 F.4th 1018, 1020 (7th Cir. 2023) (finding felon-in-possession prohibition constitutional and remanding for historical analysis required by *Bruen*).

---

[2]Even if the Court were to entertain movant's argument and discount the successiveness of the instant action, his motion to vacate would still be untimely. Movant's motion would have been due to the Court no later than June 23, 2023, or one year from the date *Bruen* was decided.

[3]The Fifth Circuit, in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), overturned a defendant's § 922(g)(a) conviction because it failed to pass constitutional muster under the Second Amendment. The Fifth Circuit took issue with the fact that the defendant in the case, Daniels, had not been asked whether he was under the influence of marijuana when he was found driving with guns in his possession, nor had he had his blood tested to see if he was under the influence. The Fifth Circuit specifically found:

> As applied to Daniels, § 922(g)(3) is a significantly greater restriction of his rights than were any of the 19th-century laws. Although the older laws' bans on "carry" are likely analogous to § 922(g)(3)'s ban on "possess[ion]," there is a considerable difference between someone who is actively intoxicated and someone who is an "unlawful user" under § 922(g)(3). The statutory term "unlawful user" captures regular users of marihuana, but its temporal nexus is vague—it does not specify how recently an individual must "use" drugs to qualify for the prohibition. Daniels himself admitted to smoking marihuana fourteen days a month, but we do not know how much he used at those times, and the government presented no evidence that Daniels was intoxicated at the time he was found with a gun. Indeed, under the government's reasoning, Congress could ban gun possession by anyone who has multiple alcoholic drinks a week from possessing guns based on the postbellum intoxicated carry laws. The analogical reasoning *Bruen* prescribed cannot stretch that far.

*Daniels*, 77 F.4th 337, *8.

However, following *Bruen*, the Eighth Circuit concluded that the felon-in-possession statute was constitutional, and there was "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *petition for reh'g en banc denied*, No. 22-2870 (8th Cir. August 30, 2023); *see also United States v. Voelz*, 66 F.4th 1155, 1164 (8th Cir. 2023). The Court of Appeals found that nothing in the Supreme Court's decision recognizing an individual right to keep and bear arms "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

**C. Certificate of Appealability**

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a proceeding under section 2255"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

6

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 10th day of October, 2023.

						_____
						HENRY EDWARD AUTREY
						UNITED STATES DISTRICT JUDGE